# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DR. JAMES EDDINS, JR.,<br>    Plaintiff | Case No. 1:11-cv-386 |
| | Weber, J. |
| vs | Litkovitz, M.J. |
| LEON JOHNSON,<br>    Defendant | REPORT AND<br>RECOMMENDATION |

Plaintiff brings this action pro se under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, alleging employment discrimination. Plaintiff seeks reinstatement to his position with pay and reinstatement of his medical benefits. This matter is before the Court on defendant's Rule 12(b)(6) motion to dismiss (Doc. 6), plaintiff's memorandum in opposition (Doc. 18), and defendant's reply. (Doc. 9). For the reasons stated herein, defendant's motion to dismiss should be granted.

## I.     STANDARD OF LAW

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Although plaintiff need not plead specific facts, her statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted). Plaintiff's factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Twombly,* 550 U.S. at 556. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. ANALYSIS

Title VII prohibits discrimination in employment on the basis of race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2. At the pleading stage, plaintiff is not required to allege facts establishing a *prima facie* case of Title VII discrimination but the allegations of the complaint must give defendant fair notice of the basis for petitioner's claims. *Scierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 514 (2002) (citing Fed. R. Civ. P. 8(a)). Rule 8 of the Federal Rules of Civil Procedure requires that plaintiff's complaint contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3).

When construing the complaint of an individual proceeding pro se, the Court must bear in mind that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Montgomery v. Huntington Bank,* 346 F.3d 693, 697 (6th Cir. 2003). With these principles in mind, the Court reviews plaintiff's complaint.

At the outset, the Court notes that it is unclear what type of discrimination plaintiff is alleging. Plaintiff fails to provide any factual background regarding his claims in the provided complaint form and in the section entitled "Statement of Claim" he simply provids defendant's name. *See* Doc. 1, p. 2. While plaintiff attached several documents to his complaint, none of these identify the type of discrimination he is alleging, *i.e.*, race, color, religion, sex, or national origin. Although plaintiff provided additional factual background in his response to defendant's motion to dismiss from which the Court can infer that he is an Africa-American male over the age of 40 and is most-likely raising race and age discrimination claims, *see* Doc. 8, pp. 2, 6-7, the Sixth Circuit has instructed that "[m]atters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Consequently, the Court is limited to considering the allegations contained in plaintiff's complaint and is without sufficient information to discern what type of discrimination claim plaintiff is alleging.

Defendant argues that plaintiff's complaint must be dismissed due to its factual deficiencies. Defendant correctly identifies that the complaint merely lists defendant's name without providing any factual information regarding discriminatory conduct or how defendant was involved with any alleged discrimination. As noted by defendant, plaintiff's complaint only briefly mentions defendant in attached correspondence drafted by plaintiff to a Mr. William Seagraves, Chairman, Veterans Service Committee. The letter provides the following, "The state Commander Leon Johnson never responded to any of the four telephone calls I made to his office[.]" (Doc. 1., Ex. 1, p. 4). There is only one other mention of defendant in the documents attached to the complaint which reiterates defendant's alleged failure to return plaintiff's phone calls. (Doc. 1, Ex. 1, p. 7).

Though plaintiff alleges no specific facts in his complaint, the attached documents indicate that plaintiff was an employee of the Veterans Service Committee. (Doc. 1, Ex, 1, p. 1). On September 28, 2009, plaintiff received notice that he was to be transferred from the Cincinnati, Ohio office to the Cleveland, Ohio office and that a Mr. Hutchinson would be replacing plaintiff in the Cincinnati office. *Id*. Although plaintiff did not provide a copy of his Equal Employment Opportunity Commission ("EEOC") charge, he did attach his March 15, 2011 Notice of Suit Rights. *Id*. at p. 3.

In order to withstand defendant's motion to dismiss, plaintiff's factual allegations must allow the Court to reasonably infer that defendant is liable for the alleged misconduct. *Iqbal*, 129 S.Ct. at 1949. The facts set forth by plaintiff in his complaint, including the attached exhibits, fail to provide sufficient factual content from which this Court can infer that any misconduct occurred, much less that defendant is liable for employment discrimination under Title VII. Plaintiff has not provided any facts which set forth a claim of Title VII discrimination.

4

Rather, he alleges, at most, that defendant failed to return his phone calls. Plaintiff's allegations fall far short of providing even the most basic factual background. As discussed above, the Court is unable to discern what type of discrimination plaintiff is seeking to allege without looking to documents outside of the complaint. Accordingly, plaintiff's complaint fails to allege a plausible claim for relief based on employment discrimination.

Moreover, the only named defendant in this action is Leon Johnson. However, plaintiff fails to allege that Mr. Johnson was his employer, was involved in any decision-making process that resulted in an adverse employment action, or engaged in any discriminatory conduct. Assuming, *arguendo*, that defendant Johnson has been named in his individual capacity as a supervisor, Title VII does not create individual liability for supervisors. *See Hiler v. Brown*, 177 F.3d 542, 546 n.5 (6th Cir. 1999) (collecting cases and holding that "supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII . . . and accordingly cannot be held personally liable for discrimination."). As plaintiff has not identified that defendant Johnson was his employer, the complaint fails to state a claim for relief against him for Title VII violations. *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII[.]").

Even under the liberal notice pleading requirement of Rule 8 and the less stringent standards applied to pro se complaints, plaintiff's complaint fails to state a claim entitling him to relief under Title VII. Further, plaintiff may not bring a Title VII claim against an individual who is not plaintiff's employer as defined by Title VII. In light of the deficiency of the factual

allegations and the potential bar on plaintiff's claim against defendant,[1] plaintiff's complaint should be dismissed.

## III.     CONCLUSION

For the aforementioned reasons, the Court hereby **RECOMMENDS** that defendant's motion to dismiss (Doc. 6) be **GRANTED** and that this matter be **DISMISSED** on the docket of the Court.

Date: 12/13/2011        s/Karen L. Litkovitz
                        Karen L. Litkovitz
                        United States Magistrate Judge

---

[1] The Court notes that the factual allegations are so deficient that the Court is without sufficient information to identify whether defendant Johnson is, in fact, named as a supervisor, fellow employee, or employer for Title VII purposes.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DR. JAMES EDDINS, JR.,                         Case No. 1:11-cv-386
    Plaintiff

                                                               Weber, J.
vs                                                                  Litkovitz, M.J.

LEON JOHNSON,
    Defendant

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)　C. Date of Delivery |
| 1. Article Addressed to:<br><br>Dr. James Eddins, Jr.<br>7709 Greenland Pl<br>Apartment # 1<br>Cinti, OH 45237 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7010 3090 0000 8524 9875 |

PS Form 3811, February 2004　　Domestic Return Receipt　　102595-02-M-1540

1:11cv386 (Doc. 10)